**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| STEWART DOWELL,<br><br>       Plaintiff,<br><br>       v.<br><br>CAROLYN W. COLVIN, *Acting Commissioner of Social Security*,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 15-cv-1542 (KBJ)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OPINION ADOPTING
REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Stewart Dowell applied to the Commissioner of Social Security ("Commissioner" or "Defendant") for disability benefits and supplemental social security income benefits in 2011, claiming that he was disabled due to knee injuries, a neck condition, a cardiac condition, and sleep apnea. (AR, ECF No. 9-2, at 11, 15–16.)[1] In February of 2014, an Administrative Law Judge ("ALJ") held a hearing on Dowell's application, and ultimately determined that Dowell is not disabled under the Social Security Act. Dowell then filed the instant lawsuit, requesting that this Court reverse the ALJ's denial decision and grant him benefits. (*See generally* Compl., ECF No. 1.)

On February 3, 2016, this Court referred this matter to a Magistrate Judge for full case management. (*See* Min. Order of Feb. 3, 2016.) On April 14, 2016, Dowell filed a motion asking the Court to either reverse the Commissioner's decision or remand

---

[1] Page numbers herein refer to those that the Court's electronic case filing system automatically assigns.

this matter back to the agency for a new hearing, arguing that the ALJ's decision is not supported by substantial evidence and that decision is erroneous as a matter of law. (*See* Pl.'s Mot. for J. of Reversal, ECF No. 12, at 1.)  Thereafter, on May 24, 2016, Defendant filed a motion for affirmance of the ALJ's decision, arguing that Dowell failed to meet his burden of establishing that he was disabled, and "that substantial evidence supports the ALJ's decision that the very limited and sparse evidence in the record did not support Dowell's allegations of disabling impairments as of December 31, 2007," which is the date that he was last insured for the purposes of disability insurance benefits.  (Def.'s Mem. in Supp. of Her Mot. for J. of Affirmance & in Opp'n to Pl.'s Mot. for J. of Reversal, ECF No. 13, at 3-4).

   Before this Court at present is the Report and Recommendation that the assigned Magistrate Judge, Deborah A. Robinson, has filed regarding Dowell's motion for reversal and Defendant's motion for affirmance.  (*See* R. & R., ECF No. 17.)[2]  The Report and Recommendation reflects Magistrate Judge Robinson's opinion that Dowell's motion for reversal or remand should be granted, and that Defendant's motion for affirmance should be denied.  (*See id.* at 1–2, 42.)  Specifically, Magistrate Judge Robinson finds that the ALJ's findings regarding Dowell's residual functional capacity ("RFC") with respect to Dowell's knee and leg conditions was not supported by substantial evidence, because the ALJ failed to consider and discuss the functional limitations that these conditions placed Dowell's ability to perform the physical demands of the work activities that are listed in the relevant regulations.  (*See id.* at 6–8.)  Magistrate Judge Robinson further finds that the ALJ committed legal error with

---

[2] The Report and Recommendation, which is 11 pages long, is attached hereto as Appendix A.

2

respect to his determination of Dowell's RFC "by failing to provide a logical explanation for his RFC findings as required by Social Security Ruling 96-8p." (*Id.* at 10.)

In addition to articulating these conclusions, Magistrate Judge Robinson's Report and Recommendation also advises the parties that either party may file written objections to the Report and Recommendation, which must include the portions of the findings and recommendations to which each objection is made and the basis for each such objection. (*Id.* at 11.) The Report and Recommendation further advises the parties that failure to file timely objections may result in waiver of further review of the matters addressed in the Report and Recommendation. (*Id.*) Under this Court's local rules, any party who objects to a Report and Recommendation must file a written objection with the Clerk of the Court within 14 days of the party's receipt of the Report and Recommendation. LCvR 72.3(b). The due date for objections has passed, and none have been filed.

This Court has reviewed Magistrate Judge Robinson's report and agrees with its careful and thorough analysis and conclusions. Thus, the Court will **ADOPT** the Report and Recommendation in its entirety. Accordingly, Plaintiff's Motion for Reversal will be **GRANTED**; Defendant's Motion for Affirmance will be **DENIED**; and this matter will be **REMANDED** to the Commissioner for rehearing.

A separate Order accompanies this Memorandum Opinion.

DATE: January 11, 2017                    *Ketanji Brown Jackson*
                                          KETANJI BROWN JACKSON
                                          United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEWART DOWELL,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Civil Action No. 15-1542<br>KBJ/DAR |

## REPORT AND RECOMMENDATION

Plaintiff Steward Dowell ("Plaintiff") commenced this action against the Acting Commissioner of Social Security ("Defendant"), pursuant to 42 U.S.C. § 405(g), seeking reversal of an Administrative Law Judge's decision denying Plaintiff's claim for Disability Insurance Benefits and Supplemental Security Income. Compl. (ECF No. 1) ¶ 4. This matter was referred to the undersigned for full case management. 02/03/2016 Minute Order. Pending for consideration by the undersigned are Plaintiff's Motion for Judgment of Reversal ("Plaintiff's Motion") (ECF No. 12) and Defendant's Motion for Judgment of Affirmance ("Defendant's Motion") (ECF No. 13). Upon consideration of the motions, the memoranda in support thereof and opposition thereto, the administrative record, and the entire record herein, the undersigned will recommend that the Court grant Plaintiff's Motion and deny Defendant's Motion.

**FACTUAL BACKGROUND**

Plaintiff applied for Supplemental Security Income Benefits on September 29, 2011, pursuant to Title II of the Social Security Act.  Pl.'s Mem. (ECF No. 12-1) at 1.  Plaintiff alleged disability, commencing on December 31, 2007, based on knee injuries, a neck condition, a cardiac condition, and sleep apnea.  *Id.*  Defendant denied Plaintiff's claims initially and upon reconsideration.  *Id.* at 2.

On October 24, 2012, Plaintiff requested a hearing before an administrative law judge.  Administrative Record ("AR") (ECF No. 9-4) at 76.  The hearing took place on February 11, 2014.  Pl.'s Mem. (ECF No. 12-1) at 2.  On April 25, 2014, Administrative Law Judge F. H. Ayer ("ALJ") denied Plaintiff's claim, finding that Plaintiff was not "disabled" within the meaning of the Social Security Act.  AR (ECF No. 9-2) at 17.  In the decision, the ALJ used the five-step process to determine whether Plaintiff was disabled.  *Id.* at 12-17.  First, the ALJ found that Plaintiff did not engage in substantial gainful activity since the application date.  *Id.* at 12.  Second, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine, status post cervical discectomy, and status post tibial and fibular fractures with open reduction and internal fixation.  *Id.*  Third, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 12-13.  Further, the ALJ determined that Plaintiff had the residual functional capacity to perform "light" work as defined in 20 C.F.R. 404.1567(b) with the following limitations: "only occasionally lifting and carrying of a maximum of 20 pounds; frequently lifting and carrying a maximum of 10 pounds; and only occasional bending and overhead reaching with the non-dominant left upper extremity."  *Id.* at 13.  Fourth, the ALJ found that Plaintiff has no past relevant work.  *Id.* at 15.  Fifth, relying on a vocational expert's

testimony, with the consideration of Plaintiff's age, education, work experience, and residual functional capacity, the ALJ ultimately determined that "jobs existed in significant numbers in the national economy that the claimant could have performed[,]" and thus found that Plaintiff was not disabled. *Id.* at 17.

Following the unfavorable decision, Plaintiff sought review of the ALJ's findings. AR (ECF No. 9-2) at 6. The Appeals Council denied Plaintiff's request on June 25, 2015. *Id.* at 1. To reverse the ALJ's decision, Plaintiff filed an action in this Court on September 21, 2015. Compl. (ECF No. 1) at 1.[1]

**STATUTORY FRAMEWORK**

The Social Security Act of 1935 established a framework to provide "disability insurance benefits" to eligible individuals and "supplemental security income" to individuals who have "attained age 65[,] . . . are blind[,] or disabled." 42 U.S.C. §§ 423, 1381, 1381a. The Act defines "disability" for non-blind individuals as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905. A "disabled" individual is eligible for supplemental security income if he or she meets additional statutory requirements concerning income and resources. 42 U.S.C. § 1382(a). The Social Security Administration ("Administration") has promulgated regulations, pursuant to the Act, outlining a

---

[1] Although the Complaint was filed on September 21, 2015, which was 88 days after the notice of denial dated June 25, 2015, it was deemed that Plaintiff commenced this action within the 60-day statutory deadline, with additional five days for mailing, because he filed a motion for leave to proceed *in forma pauperis* on August 27, 2015, which was 63 days after the notice of denial. *See* Def.'s Mot. Withdraw Mot. Dismiss (ECF No. 6) at 1; s*ee also Nkengfack v. American Ass'n of Retired Persons*, 818 F. Supp. 2d 178, 182 (D.D.C. 2011) ("[T]he statutory filing period is tolled while such an application to proceed IFP is pending before the Court.").

five-step process for the determination of whether adult claimants are disabled. *See* 20 C.F.R. §§ 404.1520, 416.920.

First, the agency evaluates whether the claimant is "doing substantial gainful activity." If so, the agency concludes that the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), (b); 416.920(a)(4)(i), (b).

Second, if the claimant is not engaging in substantial gainful activity, the agency determines whether the claimant has a "severe medically determinable physical or medical impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement . . . ." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

Third, if the claimant's impairments are deemed "severe," the next question becomes whether the impairment "meets or equals one of the listings" in 20 C.F.R. § 404.1525(a). The "listings" refer to a "listing of impairments" which "describes for each of the major body systems impairments that [the Administration] consider[s] to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." *Id.*

Fourth, if the claimant's impairments do not satisfy one of the listings, the agency assesses the claimant's "residual functional capacity" to determine whether the claimant is still capable of performing "past relevant work." 20 C.F.R. § 404.1520. If so, the claimant is not disabled. *Id.* Residual functional capacity is "the most [an individual] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545.

Fifth, and finally, if the claimant is unable to perform his or her "past relevant work," the agency evaluates the claimant's "residual functional capacity and . . . age, education, and work

experience to see if [he or she] can make adjustment to *other* work." 20 C.F.R. §§ 404.1520(a)(4)(v), (g); 416.920(a)(4)(v), (g) (emphasis added).  If the claimant cannot make such an adjustment, the Administration finds that the individual is "disabled."  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**APPLICABLE STANDARD OF REVIEW**

Claimants may seek judicial review in a district court of "any final decision of the Commissioner of Social Security made after a hearing to which [they were] a party."  42 U.S.C. § 405(g).  The Commissioner's ultimate determination will not be disturbed "if it is based on substantial evidence in the record and correctly applies the relevant legal standards."  *Butler v. Barnhart*, 353 F.3d 992, 999 (D.C. Cir. 2004) (citations omitted).  In other words, a "district court's review of the [Administration's] findings of fact is limited to whether those findings are supported by substantial evidence."  *Broyles v. Astrue*, 910 F. Supp. 2d 55, 60 (D.D.C. 2012) (citations omitted).  Substantial evidence is such relevant evidence as "a reasonable mind might accept as adequate to support a conclusion."  *Butler*, 353 F.3d at 999 (internal quotation marks omitted) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  The test requires "more than a scintilla, but can be satisfied by something less than a preponderance of evidence."  *Id.* (citation omitted) (internal quotation marks omitted).

The District of Columbia Circuit has observed that "[s]ubstantial-evidence review is highly deferential to the agency fact-finder," *Rossello ex rel. Rossello v. Astrue*, 529 F.3d 1181, 1185 (D.C. Cir. 2008), and that "a reviewing judge must uphold the ALJ's legal 'determination if it . . . is not tainted by an error of law.'"  *Jeffries v. Astrue*, 723 F. Supp. 2d 185, 189 (D.D.C. 2010) (quoting *Smith v. Bowen*, 826 F.2d 1120, 1121 (D.C. Cir. 1987)); *see also Nicholson v. Soc. Sec. Admin.*, 895 F. Supp. 2d 101, 103 (D.D.C. 2012) (citation omitted) (internal quotation

marks and alteration omitted) (noting that the inquiry upon judicial review "examines whether the ALJ has analyzed all evidence and has sufficiently explained the weight he had given to obviously probative exhibits"); *Guthrie v. Astrue*, 604 F. Supp. 2d 104, 112 (D.D.C. 2009) (citation omitted) (noting that the court is "not to review the case 'de novo' or reweigh the evidence"). The claimant bears the "burden of demonstrating that the Commissioner's decision [was] not based on substantial evidence or that incorrect legal standards were applied." *Muldrow v. Astrue*, No. 11-1385, 2012 WL 2877697, at *6 (D.D.C. July 11, 2012) (citation omitted); *see Charles v. Astrue*, 854 F. Supp. 2d 22, 27-28 (D.D.C. 2012). A district court has discretion "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." *Faison v. Colvin*, Civil No. 14-1551, 2016 WL 2962189, at *2 (D.D.C. May 20, 2016) (citing *Ademakinwa v. Astrue*, 696 F. Supp. 2d 107, 110 (D.D.C. 2010)) (internal quotation marks omitted).

**DISCUSSION**

> 1. *The ALJ's decision related to Plaintiff's degenerative bilateral knee disease and status post tibial and fibular factures was not supported by substantial evidence, because he failed to discuss the functional limitations of the conditions on work-related activities.*

Plaintiff first argues that the ALJ failed to include any limitation related to Plaintiff's "degenerative joint disease of the knees" and "status post tibial and fibular fractures" in his residual functional capacity determination. Pl.'s Mem. (ECF No. 12-1) at 7. Defendant responds that the ALJ considered Plaintiff's knee conditions and status post tibial and fibular fractures, and included the 10 and 20 pound limitations on lifting and carrying as a result of those conditions. Def.'s Opp'n (ECF No. 14) at 13.

Appendix A

    Residual functional capacity ("RFC") is an individual's ability to perform sustained work-related physical and mental activities in a work setting on a regular and continuing basis. 20 C.F.R. § 416.945(a)(1).  In assessing the residual functional capacity, an ALJ must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. 404.1545 and 416.945.  When an ALJ assesses the individual's physical abilities, he must determine whether the individual has a limited ability to perform physical demands of work activity such as "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)."  § 404.1545(b).  Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.  SSR 96-8p, 61 Fed. Reg. 128, at *1 (July 2, 1996).

    An ALJ must consider all relevant medical and non-medical evidence, including a claimant's allegations of disabling physical impairments and evidence related to the claimant's mental, physical, and other capacity provided by medical sources.  § 416.945(a)(3).  The ALJ must also explain how any material inconsistencies or ambiguities in the evidence were considered and resolved.  SSR 96-8p, 61 Fed. Reg. 128, at *7 (July 2, 1996).  The ultimate determination of RFC is specifically reserved to an ALJ, but the ALJ must include a narrative discussion describing how the evidence supports each conclusion, citing medical facts and nonmedical evidence.  *Id.*

    The undersigned finds that here, the ALJ's residual functional capacity determination with respect to Plaintiff's knee conditions and status post tibial and fibular surgery was not supported by substantial evidence.  More specifically, the ALJ failed to first discuss whether

Plaintiff's knee disease and postoperative conditions place any limitations on his ability to perform physical demands of work activity such as sitting, standing, walking, lifting, carrying, or crouching, before determining that Plaintiff had the ability to perform "light" work.  *See* AR (ECF No. 9-2) at 15.  Instead, the ALJ conclusively stated that "claimant's knee impairment [was] fully accommodated by the residual functional capacity above as of the claimant's alleged onset date," without specifying exactly what limitation was imposed due to Plaintiff's knee conditions.  *Id.*  A failure to make such a finding could result in the ALJ "overlooking some of an individual's limitations or restrictions," and "an incorrect use of an exertional category to find that the individual is able to do past relevant work as it is generally performed and an erroneous finding that the individual is not disabled."  SSR 96-8p, 61 Fed. Reg. 128, at *4 (July 2, 1996).  That is exactly the case here.

The ALJ's ultimate decision that Plaintiff was "not disabled" was based on the ALJ's finding, in the previous step, that Plaintiff was capable of performing "light" work as well as other factors.  AR (ECF No. 9-2) at 16.  However, although the ALJ acknowledged some limiting effects of Plaintiff's knee conditions, AR at 15, he did not specifically impose any limitations on activities that require use of knees such as walking, lifting, carrying, or crouching. *See* AR (ECF No. 9-2) at 13.  Accordingly, because the ALJ failed to make the necessary finding on Plaintiff's ability to perform physical demands of work activity listed in 20 C.F.R. § 404.1545(b) before deciding that Plaintiff was capable of performing "light" work, his ultimate conclusion was not supported by substantial evidence.

> 2. *The ALJ's RFC findings were not supported by substantial evidence because he failed to provide a sufficient explanation for each of his findings.*

Plaintiff argues that the ALJ, in his RFC finding, failed to explain the basis for his finding that Plaintiff was limited to "performing light work, was limited to lifting and carrying 20

pounds occasionally and 10 pounds frequently, had no limitations on his abilities to stand and walk, and was limited to only occasionally bending, and overhead reaching with his non-dominant upper extremity." Pl.'s Mem. (ECF No. 12-1) at 8.  The undersigned agrees.

The RFC assessment must include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  SSR 96-8p, 61 Fed. Reg. 128, at *7 (July 2, 1996).  This requirement is not satisfied by merely listing the claimant's medical history and making a conclusory statement.  *Williams v. Colvin*, 134 F. Supp. 3d 358, 364 (D.D.C. 2015).  The ALJ must build an "accurate and logical bridge" from the evidence to his conclusion, so that the reviewing court may assess the validity of the agency's ultimate findings and afford the claimant a meaningful judicial review.  *Id.*

Here, the ALJ's RFC finding consists of four parts: Plaintiff was limited to (1) performing "light" work as defined in 20 C.F.R. 404.1527(b), (2) occasionally lifting and carrying of a maximum of 20 pounds, (3) frequently lifting and carrying a maximum of 10 pounds, and (4) occasionally bending and overhead reaching with the non-dominant left upper extremity.  AR (ECF No. 9-2) at 13.  Among these findings, only the basis of the limitation on lifting and carrying up to 20 pounds is provided by the ALJ.  *See id.* at 15 ("For these reasons, the undersigned limited the claimant to a maximum of only occasional lifting and carrying of 20 pounds.").

No explanation is provided by the ALJ with respect to why he imposed limitations on Plaintiff's ability to perform light work, frequently lift and carry up to 10 pounds, and occasionally bend and reach overhead with his left arm.  Although the ALJ stated that Plaintiff's bilateral knee impairment was accommodated by the residual functional capacity, he failed to

specify of which his RFC findings was supported by that impairment. *See id.* ("The undersigned assigned great weight to this objective evidence and considered it in assigning the residual functional capacity above. Ultimately, the undersigned finds that the claimant's bilateral knee impairment [was] fully accommodated by the residual functional capacity above as of the claimant's alleged onset date."). There is no "narrative discussion describing how the evidence supports *each* conclusion." SSR 96-8p, 61 Fed. Reg. 128, at *7 (July 2, 1996) (emphasis added). What the ALJ did was merely "list[ing] [Plaintiff's] medical history and then conclusively stat[ing]" Plaintiff's residual functional capacity without providing any "accurate and logical bridge" from the evidence to his conclusion. *Williams*, 134 F. Supp. 3d at 364.

Defendant, in her opposition, fails to address this issue. In its opposition, Defendant merely argues that the ALJ "considered" both medical and non-medical evidence in reaching the conclusion, without explaining the nexus, or the existence thereof, between the listed pieces of evidence and each conclusion. *See* Def.'s Opp'n (ECF No. 14) at 14.

Therefore, the ALJ committed reversible error by failing to provide a logical explanation for his RFC findings as required by Social Security Ruling 96-8p. Without them, the undersigned can neither assess the validity of the ALJ's ultimate findings nor afford Plaintiff a meaningful judicial review. On remand, the ALJ must provide his own explanation of how the evidence supports each of his RFC findings.

**CONCLUSION**

For the foregoing reasons, the undersigned concludes that the ALJ's findings were not supported by substantial evidence.

It is therefore, this 14th day of December, 2016,

Appendix A

  **RECOMMENDED** that Plaintiff's Motion for Judgment of Reversal (ECF No. 12) be **GRANTED**; and it is

  **FURTHER RECOMMENDED** that Defendant's Motion for Judgment of Affirmance (ECF No. 13) be **DENIED**.

_____/s/_____
DEBORAH A. ROBINSON
United States Magistrate Judge

  **Within fourteen days, either party may file written objections to this report and recommendation.  The objections shall specifically identify the portions of the findings and recommendations to which objection is made and the basis of each objection.  In the absence of timely objections, further review of issues addressed may be deemed waived.**